## EDWIN HENDERSON
### v.
## MARY DODGSON ET AL.

PRINCIPAL AND SURETY—PLEA OF TIME EXTENDED.—A plea that defendant was security only for his co-defendant, and that the time of payment had been extended by the payee to the principal for a good consideration without the knowledge or consent of the surety, presents a good defense.

APPEAL from the Circuit Court of Greene county; the Hon. A. G. BURR, Judge, presiding. Opinion filed June 21, 1881.

Mr. JAMES R. WARD, for appellant; that judgments must conform to verdicts, cited Carpenter v. Sherfy, 71 Ill. 427; Avery v. Babcock, 35 Ill. 175; Lawrence v. Fast, 20 Ill. 338.

The clerk has no authority to change the form of a verdict, nor has the court, except in the presence and by consent of

Henderson v. Dodgson.

the jury: Flinn v. Barlow, 16 Ill. 40; Smith v. Williams, 22 Ill. 357; Bond v. Wood, 69 Ill. 282; Frazier v. Laughlin, 1 Gilm. 185.

It is erroneous to compute interest upon interest after maturity, unless there is an express promise to pay interest upon interest due: Barker v. International Bank, 80 Ill. 96; Leonard v. Adm'r of Villars, 23 Ill. 380; Wilcox v. Howland, 23 Pick. 167.

Time for payment of a note may be extended by verbal agreement for a good consideration: Pierce v. Hasbrouck, 49 Ill. 23; Morrill v. Colehour, 82 Ill. 618; North v. Kizer, 72 Ill. 172; Cooke v. Murphy, 70 Ill. 96; Warner v. Campbell, 26 Ill. 282; Low v. Forbes, 18 Ill. 568; McComb v. Kittridge, 14 Ohio, 351.

An agreement to forbear collection will support a promise to pay interest in advance and upon each installment after maturity: Austin v. Bainter, 50 Ill. 308; Mulholland v. Bartlett, 74 Ill. 58; Cooke v. Murphy, 70 Ill. 96; Wilcox v. Howland 23 Pick. 167.

Such contract would not be usurious: Mitchell v. Lyman, 77 Ill. 525; Carr v. Miner, 42 Ill. 179; Haworth v. Huling, 87 Ill. 26; Quimby v. Cook, 10 Allen, 32.

Mr. HENRY C. WITHERS, for appellees; that the defect, if any, in the verdict was cured by the Statute of Jeofails, cited Matson v. Connelly, 24 Ill. 142; Ham v. Culvey, 84 Ill. 56; Davis v. The People, 50 Ill. 199; Powers v. Davis, 6 Ala. 9.

Objection to the form of the verdict should be made below: Moss v. Oakland, 88 Ill. 109.

A mere promise of indulgence on payment of interest is not binding: Crossman v. Wohlleben, 90 Ill. 541; Woolford v. Dow, 34 Ill. 424; Galbraith v. Fullerton, 53 Ill. 126; Waters v. Simpson, 2 Gilm. 570; Gardner v. Watson, 13 Ill. 347.

To release a surety the extension of time must be upon good consideration: Ford v. Beard, 13 Mo. 459; Zane v. Kennedy, 73 Pa. St. 182; Bimagar v. Phillips, 1 B. Mon. 283; Sullivan v. Hugely, 48 Ga. 486; Dewitt v. Bigelow, 11 Ala. 480; M. & M. Bank v. Evans, 9 W. Va. 373; David v. Malone, 48 Ala.

City of Virden v. Fishback.

423; Burke v. Creger, 8 Tex. 66; Roberts v. Stewart, 31 Miss. 604; Marks v. Bank of Missouri, 8 Mo. 316.

Remittitur may be allowed on appeal or error: Rev. Stat. Chap. 110, § 82; Cheney v. City Nat. Bank, 77 Ill. 562; Pixley v. Boynton, 79 Ill. 351; Welsh v. Johnson, 76 Ill. 295.

PER CURIAM. We are of opinion that the third plea of appellant, setting up as a defense that he was security only, that his co-defendant, Allen, was principal, and that the time of payment had been extended by the payee to the principal debtor, without his knowledge or consent, and setting out the consideration for such extension, presented a good defense to the action, and that the court erred in sustaining a demurrer to this plea. The plea is loosely drawn and is somewhat vague, but it is not demurred to specially, and upon general demurrer we incline to the opinion that the defense stated in the plea is substantially good.

Other errors are assigned that we regard as sufficient to entitle appellant to a reversal, but they are of such a character as to be easily obviated on another trial, and not likely to occur again; we therefore deem it unnecessary to notice them further here. The judgment is reversed and cause remanded, with leave to defendant to amend his third plea.

Reversed and remanded.